■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH FORD, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered October 28, 1977, convicting defendant upon his plea of guilty of the crime of robbery in the first degree. Judgment affirmed. No opinion. Sweeney, J. P., Staley, Jr., Larkin and Herlihy, JJ., concur; Mikoll, J., dissents in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. Defendant was arraigned on September 12, 1977, and he pleaded guilty on October 7, 1977 to robbery in the first degree in satisfaction of a four-count indictment. On October 28, 1977 he appeared for sentence. The defendant had been represented on each of the three court appearances by a different attorney from the Public Defender's staff. The record of the sentencing proceedings indicated that, prior to the imposition of sentence, he moved to withdraw his plea of guilty. The defendant contended that he had been inadequately represented by the Public Defender's office in that the counseling was hasty; he had not been advised that the legality of his arrest could have been tested in court; he was not informed that if the

arrest were established to be illegal, the confession obtained after the illegal arrest would have been inadmissible; and he was, also, not informed that the identification procedure was illegal because it was suggestive and tainted, having occurred in the hallway of the police station. The Public Defender asked to be relieved from the proceedings as he was in a conflict of interest position since defendant's allegations of inadequacy of counsel devolved on him and on his two associates. The court refused to assign new counsel and denied the motion summarily. The proceedings suggest that the defendant's legal representation was hurried and casual. The defendant's statements indicate that he did not know what legal remedies were open to him and, in view of the legal remedies available to him, he was not guilty. In *People v Nixon* (21 NY2d 338, 354), the Court of Appeals in a thorough discussion of the subject commented, "It is not tolerable for the State to punish its members over protestations of innocence if there be doubt as to their guilt, or *if they be unaware of their rights,* or if they have not had opportunity to make a voluntary and rational decision with proper advice in pleading guilty." (Emphasis added.) In view of the attendant circumstances, including the obvious conflict in interest in having the Public Defender continue in the matter, new counsel should have been assigned to represent the defendant and a hearing conducted on his application to withdraw his plea of guilty. This matter should be remitted for such a hearing.